B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Roddrick B. Newhouse, Chapter 7 Trustee | Bigge Crane and Rigging Co. |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Rochelle McCullough, LLP<br>300 Throckmorton, Suite 520<br>Fort Worth, Texas 76102    (817) 347-5260 Telephone | N/A |

| PARTY (Check One Box Only)<br>□ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor        □ Other<br>**X** Trustee | PARTY (Check One Box Only)<br>□ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>X Creditor        Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Action to avoid preferential transfers under 11 U.S.C. §§ 547 and 550, objection to claim and for recovery of attorneys' fees and related relief.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| **X** Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  In excess of $10,027.62 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Lauren Engineers & Constructors, Inc. | BANKRUPTCY CASE NO.<br>21-10051-rlj7 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | DIVISION OFFICE<br>Abilene | NAME OF JUDGE<br>Robert L. Jones |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>April 6, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Joseph F. Postnikoff | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
Zachary G. Levick
State Bar No. 24119380
Email: zlevick@romclaw.com
ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone – 817.347.5260
http://www.romclaw.com

COUNSEL FOR RODDRICK B. NEWHOUSE, CHAPTER 7 TRUSTEE
AND PLAINTIFF HEREIN

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO.: 21-10051-rlj7 |
| LAUREN ENGINEERS & | § | |
| CONSTRUCTORS, INC., | § | In Proceedings Under Chapter 7 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| RODDRICK B. NEWHOUSE, | § | |
| as Chapter 7 Trustee, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. _____ |
| | § | |
| BIGGE CRANE AND RIGGING CO., | § | |
| | § | |
| Defendant. | § | |

**TRUSTEE'S ORIGINAL COMPLAINT**

TO THE HONORABLE ROBERT L. JONES, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Roddrick B. Newhouse, Chapter 7 Trustee ("Trustee" or "Plaintiff") in the

above styled and numbered chapter 7 bankruptcy proceeding and Plaintiff herein, and files this

Trustee's Original Complaint (this "Complaint") against Bigge Crane and Rigging Co.

("Defendant") Defendant herein, and in support thereof would respectfully show unto the Court as follows:

## I.    BACKGROUND

1.    On April 8, 2021 (the "Petition Date"), Lauren Engineers & Constructors, Inc. ("Debtor"), filed a Voluntary Petition for Relief under chapter 7 of the Bankruptcy Code commencing this case. Roddrick B. Newhouse was subsequently appointed and qualified to serve as the Chapter 7 Trustee.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334(b) and the Standing Order of Reference in the Northern District of Texas.

3.    This adversary proceeding constitutes a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), (F), and (O).   The Court has Constitutional power to enter final orders or judgments in this proceeding.  Further, Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that consent of the parties is required by this Court to enter final orders or judgments consistent with Article III of the United States Constitution.

4.    Venue is proper in this District pursuant to 28 U.S.C. §1409(a).

## III.    PARTIES

5.    Plaintiff is the duly qualified and acting Trustee for the bankruptcy estate of the above-named Debtor.

6.    Defendant, Bigge Crane and Rigging Co., is a domestic for profit corporation and may be served with process pursuant to Federal Rule of Civil Procedure 4 and Federal Rule of Bankruptcy Procedure 7004 as follows:

a.       By serving an officer or other agent authorized to accept service of citation at 10700 Bigge Avenue, San Leandro, California 94577; or

b.       By serving its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

7.       All conditions precedent to the commencement of this suit have occurred[1].

## IV.    **FACTUAL ALLEGATIONS**

8.       Defendant supplied goods and/or services to Debtor on account and periodically submitted invoices to the Debtor for payment for the goods and/or services provided. Attached hereto and incorporated herein as **Exhibit A** is a Schedule of invoices submitted and payments made by Debtor to Defendant within the better part of the year immediately preceding the Petition Date.

9.       Within the ninety (90) days immediately preceding the Petition Date (the "Preference Period") Debtor made one or more transfers to the Defendant in the aggregate amount of **$15,063.63** on account of outstanding invoices issued by Defendant, hereinafter referred to as the "Transfer". The Transfer, pursuant to check(s) drawn on the Debtor's account at Origin Bank, consists of the following:

**Origin Bank**

---

[1] Trustee has conducted reasonable due diligence in the circumstances of the case and taken into account Defendant's known or reasonably knowable affirmative defenses under Section 547(c) of the Bankruptcy Code. While not exhaustive, the following highlights some of the due diligence measures adopted by the Trustee. Such due diligence commenced with a thorough review of the transfers reflected on the Debtor's Statement of Financial Affairs filed April 22, 2021 [Docket No. 31] followed by review of transfers within the ninety (90) days prior to the Petition Date as reflected on the Debtor's General Ledger. Potential targets were identified and demand letters were served on potential targets. Schedules for analysis of new value and ordinary course transfers were developed from vendor invoices and applicable check register reports. The new value and ordinary course schedules include check numbers, check dates, invoice numbers, invoice dates and invoice amounts. Bank statements for the Debtor's depository institutions Origin Bank, BBVA and First Financial Bank were reviewed to confirm payments were processed and determine the date payments were honored. Typically, transactions within the one-year period prior to the Petition Date were considered in development of ordinary course. Invoices as well as proofs of claims filed by potential targets were examined and taken into consideration for the new value analysis.

| Check # / Wire Reference # | Date of Check | Date Payment Honored | Check/Wire Amount |
|---|---|---|---|
| 057658 | 01/22/2021 | 01/29/2021 | $15,063.63 |
| **Total** | | | **$15,063.63** |

10.     As set forth above, the Preference Payments were made within ninety (90) days immediately preceding the Petition Date. Consequently, pursuant to section 547(f), the Debtor is presumed to have been insolvent during this period. Plaintiff asserts the benefit of this presumption against the Defendant.

11.     Subsequent to the issuance and payment of the invoices the subject of the Transfer, Defendant provided additional goods and/or services to the Debtor which were the subject of an invoice issued to the Debtor on March 30, 2021, in the amount of $5,036.01. As a result, Defendant is entitled to a new value credit of $5,036.01.

## V.     COUNT ONE: AVOIDANCE OF PREFERENCE

12.     Plaintiff hereby reasserts the allegations in paragraphs 1 through 11 above.

13.     The Transfer constitutes a preferential transfer avoidable pursuant to section 547(b). In this respect, the Transfer reflects a transfer of an interest in the Debtor's property which–

a.     Was made to and for the benefit of Defendant;

b.     Was made for an on account of an antecedent debt owed by the Debtor before such Transfer was made;

c.     Was made while the Debtor was insolvent;

d.     Was made within ninety (90) days before the Petition Date; and

e.     Enabled the Defendant to receive more than the Defendant would have received if this case were a case under chapter 7 of this title, the Transfer had not been made to the Defendant, and the Defendant received payment of such debt to the extent provided by the provisions of Title 11.

Specifically, due to the Defendant's unsecured position, the Defendant received more than creditors senior to its status.

14.     Pursuant to section 547(b), the Plaintiff has taken into account the Defendant's known or reasonably knowable affirmative defenses under section 547(c).  Specifically, under section 547(c)(1) the Trustee has issued credit for new value extended to the Debtor. However, under section 547(c)(2) the Transfer was neither –

    a.     Made in the ordinary course of business or financial affairs of the Debtor and the Defendant; nor

    b.     Made according to ordinary business terms.

15.     As set forth above and as reflected on the attached **Exhibit A**, the Transfer was not in the ordinary course of business or financial affairs of the Debtor and Defendant or made according to ordinary business terms.

16.     Accordingly, the Plaintiff seeks to avoid the Transfer as a preferential transfer pursuant to section 547.

## VI.     COUNT TWO:  RECOVERY (§ 550)

17.     Plaintiff hereby reasserts the allegations contained in paragraphs 1 through 16 above.

18.     The Defendant is the initial transferee as to the Transfer.  Consequently, to the extent that the Transfer is avoided pursuant to Count One above, Plaintiff seeks to recover from the Defendant the amount of the Transfer so avoided pursuant to section 550(a)(1) of the Bankruptcy Code.

## VII.     COUNT THREE:  OBJECTION TO DEFENDANT'S CLAIM (§ 502(d))

19.     Plaintiff hereby realleges the allegations set forth in paragraphs 1 through 18 above.

20.     Pursuant to section 502(d) of the Bankruptcy Code, any claim asserted by an entity from which property is recoverable under section 550, or that is the transferee of a transfer avoidable under sections 547 or 544, must be disallowed unless such entity or transferee has paid the amount, or turned over any such property, for which entity or transferee is liable under section 550.

21.     To the extent that the Transfer is avoided pursuant to section 547, or to the extent that the Defendant is liable to Plaintiff pursuant to section 550, any claim by the Defendant must be disallowed in full until the Defendant has paid the amount, or turned over to the Plaintiff, the amount for which Defendant is liable under section 550.

22.     Plaintiff objects to any claim by the Defendant and seeks the disallowance in full thereof pursuant to section 502(d).

**WHEREFORE, PREMISES CONSIDERED**, Roddrick B. Newhouse, Trustee and Plaintiff herein respectfully prays that the Court avoid and recover the Transfer in the sum of $10,027.62 ($15,063.63 less the new value credit of $5,036.01) for the estate of Lauren Engineers & Constructors, Inc. and against Bigge Crane and Rigging Co., pursuant to Sections 547 and/or 550; enter judgment in favor of the Plaintiff on behalf of the Estate of Debtor and against Defendant, in an amount equal to the sum of the Transfer less the new value credit of $5,036.01, i.e., $10,027.62, plus pre-judgment and post judgment interest for each payment, costs and attorneys' fees; and for such other and further relief, at law or in equity, to which the Trustee and Plaintiff herein may be shown justly entitled.

Dated this the 6th day of April, 2023.

ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone – 817.347.5260
http://www.romclaw.com


By: ____/s/ Joseph F. Postnikoff_____
Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
Zachary G. Levick
State Bar No. 24119380
Email: zlevick@romclaw.com

COUNSEL FOR RODDRICK B. NEWHOUSE,
CHAPTER 7 TRUSTEE AND PLAINTIFF
HEREIN

LainFaulkner Confidential

Lauren Engineers & Constructors Inc
Preference Analysis

Petition Date: 04/08/2021
Bigge Crane & Rigging Co

# EXHIBIT A

| VENDOR | | CHECK | | | | INVOICE | | | Ordinary Course Calculation | NewValue Calculation |
|---|---|---|---|---|---|---|---|---|---|---|
| Name | Addresses | No. | Date | Clear Date | Amount | Invoice # | Date | Inv. Amount | | |
| Bigge Crane & Rigging Co | | 053503 | 4/16/2020 | 4/28/2020 | 108,152.97 | 173914 | 10/14/2019 | 10,994.42 | 197 | |
| Bigge Crane & Rigging Co | | 053503 | 4/16/2020 | 4/28/2020 | | 177569 | 12/11/2019 | 10,254.70 | 139 | |
| Bigge Crane & Rigging Co | | 053503 | 4/16/2020 | 4/28/2020 | | 178432 | 12/12/2019 | 30,058.26 | 138 | |
| Bigge Crane & Rigging Co | | 053503 | 4/16/2020 | 4/28/2020 | | PRI000000169 | 1/10/2020 | 10,251.84 | 109 | |
| Bigge Crane & Rigging Co | | 053503 | 4/16/2020 | 4/28/2020 | | PRI000000219 | 1/13/2020 | 30,000.00 | 106 | |
| Bigge Crane & Rigging Co | | 053503 | 4/16/2020 | 4/28/2020 | | PRI000000357 | 1/17/2020 | 5,843.75 | 102 | |
| Bigge Crane & Rigging Co | | 053503 | 4/16/2020 | 4/28/2020 | | PRI000000444 | 1/22/2020 | 10,750.00 | 97 | |
| Bigge Crane & Rigging Co | | 053836 | 5/4/2020 | 5/7/2020 | 21,293.36 | PRI000000610 | 1/31/2020 | 21,293.36 | 97 | |
| Bigge Crane & Rigging Co | | 054149 | 5/14/2020 | 5/20/2020 | 47,580.53 | 178430 | 12/18/2019 | -75,031.10 | | |
| Bigge Crane & Rigging Co | | 054149 | 5/14/2020 | 5/20/2020 | | PRI000000932 | 2/7/2020 | 30,000.00 | 103 | |
| Bigge Crane & Rigging Co | | 054149 | 5/14/2020 | 5/20/2020 | | PRI000000947 | 2/18/2020 | 15,353.36 | 92 | |
| Bigge Crane & Rigging Co | | 054149 | 5/14/2020 | 5/20/2020 | | PRI000001149 | 2/26/2020 | 10,404.91 | 84 | |
| Bigge Crane & Rigging Co | | 054149 | 5/14/2020 | 5/20/2020 | | PRI000001150 | 2/27/2020 | 6,250.00 | 83 | |
| Bigge Crane & Rigging Co | | 054149 | 5/14/2020 | 5/20/2020 | | PRI000001298 | 3/5/2020 | 39,000.00 | 76 | |
| Bigge Crane & Rigging Co | | 054149 | 5/14/2020 | 5/20/2020 | | PRI000001406 | 3/10/2020 | 6,250.00 | 71 | |
| Bigge Crane & Rigging Co | | 054149 | 5/14/2020 | 5/20/2020 | | PRI000001528 | 3/17/2020 | 15,353.36 | 64 | |
| Bigge Crane & Rigging Co | | 054369 | 5/21/2020 | 5/28/2020 | 23,607.98 | PRI000001264 | 3/3/2020 | 23,607.98 | 86 | |
| Bigge Crane & Rigging Co | | 054590 | 5/28/2020 | 6/3/2020 | 44,961.34 | PRI000001819 | 3/31/2020 | 15,107.98 | 64 | |
| Bigge Crane & Rigging Co | | 054590 | 5/28/2020 | 6/3/2020 | | PRI000001927 | 3/30/2020 | 15,353.36 | 65 | |
| Bigge Crane & Rigging Co | | 054590 | 5/28/2020 | 6/3/2020 | | PRI000001929 | 3/27/2020 | 14,500.00 | 68 | |
| Bigge Crane & Rigging Co | | 054686 | 6/4/2020 | 6/10/2020 | 4,500.00 | PRI000002009 | 4/7/2020 | 4,500.00 | 64 | |
| Bigge Crane & Rigging Co | | 054903 | 6/11/2020 | 6/17/2020 | 15,353.36 | PRI000002410 | 4/27/2020 | 15,353.36 | 51 | |
| Bigge Crane & Rigging Co | | 055269 | 7/9/2020 | 7/14/2020 | 45,814.70 | PRI000002135 | 4/14/2020 | 15,353.36 | 91 | |
| Bigge Crane & Rigging Co | | 055269 | 7/9/2020 | 7/14/2020 | | PRI000002449 | 4/28/2020 | 15,107.98 | 77 | |
| Bigge Crane & Rigging Co | | 055269 | 7/9/2020 | 7/14/2020 | | PRI000002735 | 5/12/2020 | 15,353.36 | 63 | |
| Bigge Crane & Rigging Co | | 055408 | 7/16/2020 | 7/24/2020 | 17,371.52 | 173916 | 10/14/2019 | 6,871.52 | 284 | |
| Bigge Crane & Rigging Co | | 055408 | 7/16/2020 | 7/24/2020 | | PRI000002374 | 4/24/2020 | 10,500.00 | 91 | |
| Bigge Crane & Rigging Co | | 055702 | 8/6/2020 | 8/12/2020 | 46,901.34 | PRI000002948 | 5/22/2020 | 10,500.00 | 82 | |
| Bigge Crane & Rigging Co | | 055702 | 8/6/2020 | 8/12/2020 | | PRI000002972 | 5/25/2020 | 15,353.36 | 79 | |
| Bigge Crane & Rigging Co | | 055702 | 8/6/2020 | 8/12/2020 | | PRI000003023 | 5/26/2020 | 15,107.98 | 78 | |
| Bigge Crane & Rigging Co | | 055702 | 8/6/2020 | 8/12/2020 | | PRI000003128 | 5/29/2020 | 5,940.00 | 75 | |
| Bigge Crane & Rigging Co | | 055852 | 8/13/2020 | 8/19/2020 | 15,107.98 | PRI000003584 | 6/23/2020 | 15,107.98 | 57 | |
| Bigge Crane & Rigging Co | | 055946 | 8/20/2020 | 8/27/2020 | 20,502.12 | PRI000003550 | 6/22/2020 | 15,353.36 | 66 | |
| Bigge Crane & Rigging Co | | 055946 | 8/20/2020 | 8/27/2020 | | PRI000004839 | 6/15/2020 | 5,148.76 | 73 | |
| Bigge Crane & Rigging Co | | 056619 | 10/23/2020 | 10/28/2020 | 43,866.76 | PRI000004166 | 7/20/2020 | 15,353.36 | 100 | |
| Bigge Crane & Rigging Co | | 056619 | 10/23/2020 | 10/28/2020 | | PRI000004179 | 7/21/2020 | 14,256.70 | 99 | |
| Bigge Crane & Rigging Co | | 056619 | 10/23/2020 | 10/28/2020 | | PRI000004562 | 8/10/2020 | 14,256.70 | 79 | |
| Bigge Crane & Rigging Co | | 056787 | 10/30/2020 | 11/4/2020 | 7,264.58 | PRI000000568 | 7/31/2020 | -3,235.42 | | |
| Bigge Crane & Rigging Co | | 056787 | 10/30/2020 | 11/4/2020 | | PRI000003514 | 6/19/2020 | 10,500.00 | 138 | |
| Bigge Crane & Rigging Co | | 057177 | 12/3/2020 | 12/9/2020 | 25,607.98 | PCN000726 | 10/23/2020 | -15,353.36 | | |
| Bigge Crane & Rigging Co | | 057177 | 12/3/2020 | 12/9/2020 | | PRI000004134 | 7/20/2020 | 10,500.00 | 142 | |
| Bigge Crane & Rigging Co | | 057177 | 12/3/2020 | 12/9/2020 | | PRI000004190 | 7/21/2020 | 15,107.98 | 141 | |
| Bigge Crane & Rigging Co | | 057177 | 12/3/2020 | 12/9/2020 | | PRI000005913 | 10/12/2020 | 15,353.36 | 58 | |
| Bigge Crane & Rigging Co | | 057396 | 12/23/2020 | 1/5/2021 | 90,768.10 | PRI000004687 | 8/14/2020 | 10,500.00 | 140 | |
| Bigge Crane & Rigging Co | | 057396 | 12/23/2020 | 1/5/2021 | | PRI000004762 | 8/18/2020 | 15,107.98 | 140 | |
| Bigge Crane & Rigging Co | | 057396 | 12/23/2020 | 1/5/2021 | | PRI000004769 | 8/18/2020 | 15,353.36 | 140 | |
| Bigge Crane & Rigging Co | | 057396 | 12/23/2020 | 1/5/2021 | | PRI000005161 | 9/4/2020 | 14,256.70 | 123 | |
| Bigge Crane & Rigging Co | | 057396 | 12/23/2020 | 1/5/2021 | | PRI000005400 | 9/16/2020 | 15,353.36 | 111 | |
| Bigge Crane & Rigging Co | | 057396 | 12/23/2020 | 1/5/2021 | | PRI000005757 | 10/2/2020 | 14,256.70 | 95 | |
| Bigge Crane & Rigging Co | | 057396 | 12/23/2020 | 1/5/2021 | | PRI000005852 | 10/12/2020 | 5,940.00 | 85 | |
| Bigge Crane & Rigging Co | | 057474 | 12/23/2020 | 1/5/2021 | 49,555.47 | 173311 | 10/7/2020 | 4,947.49 | 90 | |
| Bigge Crane & Rigging Co | | 057474 | 12/23/2020 | 1/5/2021 | | PRI000005302 | 9/11/2020 | 10,500.00 | 116 | |
| Bigge Crane & Rigging Co | | 057474 | 12/23/2020 | 1/5/2021 | | PRI000005342 | 9/15/2020 | 15,107.98 | 112 | |
| Bigge Crane & Rigging Co | | 057474 | 12/23/2020 | 1/5/2021 | | PRI000005854 | 10/12/2020 | 8,500.00 | 85 | |
| Bigge Crane & Rigging Co | | 057474 | 12/23/2020 | 1/5/2021 | | PRI000005893 | 10/9/2020 | 10,500.00 | 88 | |
| Bigge Crane & Rigging Co | | 057658 | 1/22/2021 | 1/29/2021 | 15,063.63 | PRI000006319 | 10/30/2020 | 14,256.70 | 91 | |
| Bigge Crane & Rigging Co | | 057658 | 1/22/2021 | 1/29/2021 | | PRI000009553 | 10/30/2020 | 806.93 | 91 | |
| Bigge Crane & Rigging Co TOTAL | 1000 S McCaslin Blvd, Superior, CO  80027 | | | | | | | | Average  99 | |
| | | | | | | | | | Median  91 | |
| | | | | | | | | | Low  51 | |
| | | | | | | | | | High  284 | |
| | | | | | | | | | Average  91 | |
| | | | | | | | | | Median  91 | |
| | | | | | | | | | Low  91 | |
| | | | | | | | | | High  91 | 10,027.62 |