Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone – 817.347.5260
http://www.romclaw.com

COUNSEL FOR RODDRICK B. NEWHOUSE,
CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO.: 21-10051-rlj7 |
| LAUREN ENGINEERS & § | |
| CONSTRUCTORS, INC., § | In Proceedings Under Chapter 7 |
| § | |
| Debtor. § | |

**MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT AGREEMENT WITH FERGUSON ENTERPRISES, LLC F/K/A WOLSELEY INDUSTRIAL GROUP**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT GEORGE MAHON FEDERAL BUILDING, 1205 TEXAS AVENUE, ROOM 306, LUBBOCK, TEXAS 79401-4002 BEFORE THE CLOSE OF BUSINESS ON MAY 11, 2023, WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE ROBERT L. JONES, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Roddrick B. Newhouse, Chapter 7 Trustee ("Trustee") of the above styled and numbered chapter 7 bankruptcy estate, and files this *Motion for Approval of Compromise and Settlement Agreement with Ferguson Enterprises, LLC f/k/a Wolseley Industrial Group* (the "Motion"), and in support thereof would respectfully show unto the Court as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), (F) and (O). Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

### Bankruptcy

2. Lauren Engineers & Constructors, Inc., Debtor herein ("Debtor") filed a Voluntary Petition for relief under chapter 7 of the United States Bankruptcy Code on April 8, 2021 (the "Petition Date") thereby commencing the above styled and numbered bankruptcy proceeding. Roddrick B. Newhouse serves as Chapter 7 Trustee herein.

### Background

3. The records of the Debtor reflect that, within the 90 days immediately prior to the Petition Date, Ferguson Enterprises, LLC f/k/a Wolseley Industrial Group ("Ferguson") received payments totaling $35,553.10 (the "Alleged Preference Payment") from the Debtor which the Trustee deemed avoidable as preferential transfers under section 547 of the Bankruptcy Code. Ferguson joined issue arguing defenses of ordinary course and new value.

4. After a period of negotiations, the Trustee and Ferguson (the "Parties") have reached an agreement which resolves all issues between them related to the Alleged Preference Payment.

**Proposed Agreement**

5. The terms of the agreement of the Parties is summarized as follows:

   a. Within fourteen (14) days after entry of an order by the Bankruptcy Court approving this Settlement Agreement, Ferguson shall pay to the Trustee $7,500.00 (the "Settlement Funds") in full satisfaction of the Alleged Preference Payment.

   b. Upon receipt of the Settlement Funds, Ferguson shall be deemed released of all claims and causes of action related to the Alleged Preference Payment.

The agreement of the Parties is memorialized in the Compromise and Settlement Agreement (the "Settlement Agreement") attached hereto and incorporated herein as **Exhibit A**. Reference is made to the Settlement Agreement for a complete understanding of the agreement of the Parties.

**Relief Requested and Discussion**

6. By this Motion, Trustee seeks approval of the Settlement Agreement. Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." In deciding whether to approve a proposed settlement or compromise of controversy, a bankruptcy court should consider the following factors:

   a. The probability of success on the merits and the resolution of the dispute;

   b. The complexity of the litigation being settled;

   c. The expense, inconvenience and delay associated with litigating the dispute; and

   d. The paramount interests of creditors.

*See Texas Extrusion Corp. v. Lockheed Corp.* (*In re Texas Extrusion Corp.*), 844 F.2d 1142, 1158-59 (5th Cir. 1988), *cert. denied*, 105 S. Ct. 31 (1989); *see also United States v. Aweco, Inc.* (*In re Aweco, Inc.*), 752 F.2d 293, 298 (5th Cir. 1984), *cert. denied*, 469 U.S. 880 (1984).

7. All factors considered, the Trustee asserts the proposed Settlement Agreement is the best interests of the estate and all creditors thereof. While the litigation is not particularly

complex and the Trustee feels relatively secure in success on the merits, the expense, inconvenience and delay associated with litigating the dispute far outweigh any potential enhanced recovery.

8. A proposed Order granting the relief requested in this Motion is attached hereto and incorporated herein as **Exhibit B**.

**WHEREFORE, PREMISES CONSIDERED**, Roddrick B. Newhouse, Trustee herein, respectfully prays that the Court enter an Order approving the Compromise and Settlement Agreement and for such other and further relief, at law or in equity, to which the Trustee may be shown justly entitled.

Dated this the 20th day of April, 2023.

Respectfully submitted,

ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone – 817.347.5260
http://www.romclaw.com


By:  ___/s/ Joseph F. Postnikoff_____
      Joseph F. Postnikoff
      State Bar No. 16168320
      Email: jpostnikoff@romclaw.com

COUNSEL FOR RODDRICK B. NEWHOUSE,
CHAPTER 7 TRUSTEE

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of April, 2023, a copy of the foregoing Motion was served via ECF on the parties registered with the Court to receive ECF and via first class United States mail, postage prepaid, on the parties listed on the attached service list.

 /s/ Joseph F. Postnikoff_____
      Joseph F. Postnikoff

# EXHIBIT A

## COMPROMISE AND SETTLEMENT AGREEMENT

This Compromise and Settlement Agreement (this "Settlement Agreement") is entered into by and among Roddrick B. Newhouse, the duly appointed Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of Lauren Engineers & Constructors, Inc. and Ferguson Enterprises, LLC f/k/a Wolseley Industrial Group ("Ferguson" or "Potential Defendant").

### I. Recitals

A.  Lauren Engineers & Constructors, Inc. ("Debtor"), Debtor herein, filed a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code on April 8, 2021 (the "Petition Date") commencing Case No. 21-10051-rlj-7 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court"). Laurie Dahl Rea was appointed and qualified to serve as Chapter 7 Trustee; however, she resigned from the position on June 10, 2021. Roddrick B. Newhouse was subsequently appointed to service as Chapter 7 Trustee.

B.  The records of the Debtor reflect that within the 90 days immediately prior to the Petition Date Ferguson received payments totaling $35,553.10 ("Alleged Preference Payment").

C.  Trustee contends the Alleged Preference Payment is a payment of antecedent debt which is avoidable as a preference payment pursuant to Section 547 of the United States Bankruptcy Code while Ferguson advances the ordinary course and new value defenses.

The Trustee and Ferguson now wish to settle all issues between them related to the Alleged Preference Payment without the need for further delay or litigation.

### II. Agreement

Accordingly, the Trustee and Ferguson (jointly, the "Parties") enter into this Settlement Agreement and do hereby agree as follows:

1.  Within fourteen (14) days after entry of an order by the Bankruptcy Court approving this Settlement Agreement, Ferguson shall pay to the Trustee $7,500.00 (the "Settlement Funds") in full satisfaction of the Alleged Preference Payment.

2.  Effective upon receipt of the Settlement Funds, the Trustee releases, acquits, remises and forever discharges Ferguson and its employees, agents, administrators, attorneys, and successors-in-interest of, from and against any and all claims, rights, demands, losses, damages, liabilities, actions, or causes of action, of whatever kind or nature, whether statutory or at common law or in equity, known or unknown, suspected or unsuspected, fixed or contingent, accrued or unaccrued.

### III.  Miscellaneous

3.  Each Party shall bear its own costs and expenses incurred in connection with this Settlement Agreement.

4. THIS SETTLEMENT AGREEMENT REPRESENTS THE ENTIRE EXPRESSION OF THE PARTIES WITH RESPECT TO THE SUBJECT MATTER HEREOF ON THE DATE THIS SETTLEMENT AGREEMENT IS APPROVED BY AN ORDER OF THE BANKRUPTCY COURT, WHICH ORDER WHEN ENTERED IS INCORPORATED INTO THIS SETTLEMENT AGREEMENT. THIS SETTLEMENT AGREEMENT MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES. NO MODIFICATION, RESCISSION, WAIVER, RELEASE OR AGREEMENT OF ANY PROVISION OF THIS SETTLEMENT AGREEMENT SHALL BE MADE, EXCEPT BY A WRITTEN AGREEMENT SIGNED BY EACH PARTY AND APPROVED BY AN ORDER OF THE BANKRUPTCY COURT.

5. Potential Defendant agrees that the running of any statute of limitations, or other time limitations, applicable to any action that may in any way be alleged by the Trustee against Potential Defendant pursuant to 11 U.S.C. §§ 547 and 550 will be and hereby are tolled from the execution date of this Settlement Agreement until the earlier of (i) satisfactory completion of performance of the final action necessary and appropriate to consummate this Settlement Agreement or (ii) June 30, 2023, or such later date as may be agreed upon in writing by the Parties (the "Tolling Period"). In the event that legal action is commenced between the Parties for any reason, no Party shall raise or be permitted to raise any defense predicated on the expiration of any Statute of Limitations during the Tolling Period. Potential Defendant further agrees that if Potential Defendant fails to timely consummate this Settlement Agreement, the Trustee may, at any time during the Tolling Period, commence action against the Potential Defendant, and that any and all claims or defenses asserted by the Trustee or the Potential Defendant shall be tolled and deemed to have been asserted on the day prior to the execution date of this Settlement Agreement. The Potential Defendant also understands and agrees that the Potential Defendant is waiving the right to raise or invoke any limitations defense during the Tolling Period, or after the expiration of the Tolling Period, that the Potential Defendant did not already have prior to the commencement of the Tolling Period. The Potential Defendant expressly reserves the right to assert any limitations defense that the Potential Defendant had prior to the commencement of the Tolling Period or that accrue after the expiration of the Tolling Period, including but not limited to limitations to any action brought pursuant to 11 U.S.C. §§ 547, 548 and 550 and the laws of the State of Texas, including but not limited to the Texas Uniform Fraudulent Transfer Act. Each Party severally acknowledges and agrees that he, she or it shall not raise any claims as to the invalidity or unenforceability of all or any part of this paragraph of the Settlement Agreement.

6. This Settlement Agreement may be executed in multiple counterparts, each of which shall be deemed an original and all of which constitute one agreement. Each Party agrees to execute such other and further documents and/or pleadings as may be reasonably necessary to evidence or carry out the terms and provisions of this Settlement Agreement.

7. This Settlement Agreement contains recitals of the Parties, none of which shall be deemed admissions of fact or law in this or any subsequent proceeding.

8. This Settlement Agreement shall be binding upon the Parties and each of their respective successors, heirs, legal representatives, and assigns.

9. Each of the undersigned warrants and represents that it owns (or in the Trustee's case, has, subject to obtaining a court order of approval, the right to act with respect to) any claims released hereunder and that it is legally competent to sign this Settlement Agreement. Each person signing the Settlement Agreement warrants and represents that he or she has read this Settlement Agreement, has consulted with legal counsel about it, and has authority to sign this Settlement Agreement and has signed this Settlement Agreement with full knowledge of its contents and meaning.

10. This Settlement Agreement may not be changed, modified, amended or contradicted except in a writing signed by all Parties to the Settlement Agreement and approved by a final and no longer appealable order of the Bankruptcy Court.

11. This Settlement Agreement is subject to Bankruptcy Court approval. This Settlement Agreement shall not become effective until the date this Settlement Agreement is approved by an order entered by the Bankruptcy Court. The Trustee agrees to use reasonable efforts to obtain Bankruptcy Court approval of this Settlement Agreement before the expiration of the Tolling Period. If the Bankruptcy Court does not approve this Settlement Agreement, this Settlement Agreement shall, be null and void *ab initio* and of no further force or effect whatsoever. In such circumstances, neither the fact of the Parties' negotiation of, nor their entry into this Settlement Agreement, nor any of the Parties' statements made in connection therewith, shall be utilized by any Party in connection with any court proceeding related to the Claims, offered or admitted into evidence at any trial or hearing, disclosed to persons other than the Parties, or used in any other fashion except as may be permitted or required by applicable law or court orders.

12. The Parties acknowledge and agree that, should any Party be required by any breach of this Settlement Agreement by any other Party to institute legal proceedings to enforce or interpret any of the provisions of this Settlement Agreement, that the prevailing Party in such litigation shall be paid its reasonable attorneys' fees and expenses, including fees on appeal, as well as court costs.

13. This Settlement Agreement was negotiated and executed by the Parties in good faith to avoid expensive and protracted litigation and is a settlement of claims that are vigorously contested, denied, and disputed as to validity and amount. By signing this Settlement Agreement and taking actions under this Settlement Agreement, none of the Parties agree to, or admit any liability with respect to, the Claims or any other claims released hereunder.

14. This Settlement Agreement shall not be deemed or construed to create or establish any partnership, joint venture or similar relationship between or among the Parties.

15. No consent or waiver, express or implied, by a Party to or for any breach of or deviation from any covenant or condition by a Party shall be deemed a consent to or waiver of any other breach of the same or any other covenant, condition or duty.

16. All notices, requests, demands, waivers, and other communications required or permitted to be given under this Settlement Agreement shall be in writing and shall be deemed to have been duly given when delivered by hand, by overnight delivery service, or by facsimile transmission (receipt of which is electronically confirmed) to the appropriate Party.

17. THIS SETTLEMENT AGREEMENT AND ALL OTHER DOCUMENTS EXECUTED PURSUANT HERETO SHALL BE DEEMED TO HAVE BEEN MADE AND TO BE PERFORMABLE IN AND SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS, WITHOUT REGARD TO THE PRINCIPLES OF CONFLICTS OF LAWS OR CHOICE OF LAW THEREOF. THE EXCLUSIVE JURISDICTION AND VENUE FOR ANY ACTION OR PROCEEDING BROUGHT CONCERNING THIS SETTLEMENT AGREEMENT SHALL BE BROUGHT IN THE COURT.

18. This Settlement Agreement is a product of negotiations among the Parties. It is deemed to have been drafted by all of the Parties. Accordingly, the Settlement Agreement will not be construed against any Party or Parties as the drafter(s) of the Settlement Agreement.

19. This Settlement Agreement inures to the benefit of the Parties. There are no third party beneficiaries of this Settlement Agreement.

Dated: April 6, 2023 | 2:50 PM EDT, 2023.

**RODDRICK B. NEWHOUSE, CHAPTER 7 TRUSTEE**

By: _/s/ R. Newhouse Trustee_
Roddrick B. Newhouse, in his capacity as Chapter 7 Trustee for the Bankruptcy Estate Lauren Engineers & Constructors, Inc.

**FERGUSON ENTERPRISES, LLC f/k/a/ WOLSELEY INDUSTRIAL GROUP**

By: _Benjamin Whitehouse_ (DocuSigned)
Name: Benjamin Whitehouse
Title: Regional Credit Manager

# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO.: 21-10051-rlj7 |
| LAUREN ENGINEERS & § | |
| CONSTRUCTORS, INC., § | In Proceedings Under Chapter 7 |
| § | |
| Debtor. § | |

**ORDER APPROVING COMPROMISE AND SETTLEMENT AGREEMENT
WITH FERGUSON ENTERPRISES, LLC F/K/A WOLSELEY INDUSTRIAL GROUP
[Refers to Docket No. __]**

Came on for consideration the *Motion for Approval of Compromise and Settlement Agreement with Ferguson Enterprises, LCL f/k/a Wolseley Industrial Group* [Docket No. __] (the "Motion") filed by Roddrick B. Newhouse, Trustee of the above styled and numbered chapter 7 bankruptcy estate ("Trustee"). The Court is advised no objections have been filed in opposition to the Motion.

The Court finds jurisdiction over the subject matter and parties, notice of the Motion was

adequate under the circumstances and the relief requested is in order and should be approved.

It is therefore

**ORDERED, ADJUDGED AND DECREED** that the Motion of the Trustee is hereby granted; it is further

**ORDERED, ADJUGED AND DECREED** that the Compromise and Settlement Agreement between the Trustee and Ferguson Enterprises, LLC f/k/a Wolseley Industrial Group is hereby approved; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Trustee be and the same is hereby authorized to execute such documents and take such actions as are necessary and appropriate to carry out the purposes and intent of this Order.

### End of Order ###

Prepared by:

Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone – 817.347.5260
http://www.romclaw.com

COUNSEL FOR RODDRICK B. NEWHOUSE,
CHAPTER 7 TRUSTEE